GEORGE A. DART v. ESTHER RUSSELL.[1]

November 23, 1906.

Nos. 14,895—(43).

**New Trial—Verdict.**

> The memorandum attached to an order granting a new trial herein, construed and *held*, that it appears therefrom that the new trial was granted on the ground that the verdict was not justified by the evidence. *Held*, further, that the preponderance of the evidence is not manifestly in favor of the verdict.

Action in the district court for Clay county to recover $133.32 for services rendered. The case was tried before Baxter, J., and a jury, which returned a verdict in favor of the plaintiff for $100. From an order granting a motion to set aside the verdict and for a new trial, plaintiff appealed. Affirmed.

*Chas. S. Marden,* for appellant.

*C. A. Nye* and *J. M Witherow,* for respondent.

START, C. J.

Action to recover from defendant $133.32 for services rendered. The complaint alleged, in effect, that the defendant employed the plaintiff and two other persons to assist her in selecting and locating a tract of government land for which service, in case she filed upon the land, she promised to pay them $200; that the plaintiff and his associates rendered the services as agreed, and the defendant filed upon the land; and further that one of his associates duly assigned to the plaintiff his pro rata share of his claim against the defendant. The answer denied the alleged contract with the plaintiff and averred payment for all services rendered to her by the plaintiff and his associates. Verdict for the plaintiff for $100. Thereupon the defendant made a motion for a new trial on the ground that the verdict was not justified by the evidence, and for errors of law occurring at the trial and duly excepted to. The trial court made its order grant-

[1] Reported in 109 N. W. 702.

ing a new trial, and stated in a memorandum attached thereto that the motion must be granted for there was no evidence to sustain the verdict, and, further, that there was no evidence that defendant's husband acted as her agent, and no proof of the alleged contract.

The plaintiff appealed from the order, and here claims that the court did not grant a new trial in the exercise of its discretion on the ground that the verdict was not sustained by the evidence. The basis of this contention is that the agency of the husband was not relevant to any issue, and, further, that the alleged contract between the parties was an admitted fact on the trial, hence the specific objections made in the memorandum were immaterial. If this claim were conceded, the fact would remain that the new trial was granted because, in the opinion of the court, the verdict was not justified by the evidence. We have, however, examined the record with reference to the claim and find that the matter of the agency of the husband was not questioned, but, further, that there was a conflict in the evidence whether the contract as claimed by the plaintiff was ever made. The testimony of the defendant and the evidence on her behalf tended to show that she never made the contract claimed by the plaintiff, but one whereby she was to pay $100, and no more, for the services of the plaintiff and his associates, and that full payment at the agreed price was made before the commencement of this action. The payment of $100 was admitted by the plaintiff, and the defendant was entitled to a verdict unless the plaintiff established the contract as he alleged it to be.

We are of the opinion that the memorandum shows that the new trial was granted on the ground that the verdict was not justified by the evidence, and that the preponderance of the evidence is not so manifestly in favor of the verdict as to justify any interference with the order of the trial court.

Order affirmed.